Battle, J.
The question presented by the case agreed, depends for its solution upon the construction of .the will of the late Richard Smith. The devisor was manifestly inojos conciUi, and his will requires all the aid which can be derived from that consideration, to enable us to carry out his presumed intention.
Looking at the whole will, and endeavoring to give effect to every part of it, as it is our duty to do (Owen v. Owen, Busb. Eq. 121. Cheeves v. Bell, 1 Jones’ Eq. 234) we are led to the conclusion that by the fourth clause the devisor has given to his daughter, Mary Ann, an estate in fee in all his real estate, subject to the dower of her mother therein, with an executory devise in fee, in two-thirds thereof, to her children, should she marry and die leaving issue. The devise is, in form, rather a gift to her for life, with a contingent remainder in fee to her *332 children, and upon default of children, remainder to her and her heirs; but the legal operation and effect of it is as we have above stated. The construction which gives an execu-tory devise, to the children of his daughter is admissible,, and is adopted, because it is the only means by which the manifest intention of the devisot to provide for them, can be carried into effect. The alternative, contended for by the defendant’s counsel, of declaring that the latter portions of the clause in question are too vague and uncertain to be allowed to operate, we do not feel at liberty to adopt, while effect can in any way be given to them. Amidst their darkness and obscurity we can yet see light enough to enable us to fasten upon the estate given to the daughter, a provision for her children, should she ever marry and die leaving any surviving her.
Our opinion therefore, is, that there was a breach of the covenant contained in the deed under which the plaintiff claims. The judgment of the Superior Court must be reversed, and judgment given here for the plaintiff, according to the case agreed, and "this must be certified to the end that he may have an enquiry of his damages.
Pee Cuiíiam. Judgment reversed, and judgment for plaintiff. •